In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00140-CR
______________________________


CASSANDRA ANGELA WILLIAMS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31657-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            J.C. Penney employees observed Cassandra Angela Williams


 shoplifting at the store. When
the employees pursued Williams into the parking lot and attempted to detain her for the theft,
Williams kicked and bit two of the employees, and then said that one of the employees now had HIV
as a result of being bitten by Williams. The employees were eventually able to subdue and handcuff
Williams, and the police arrived shortly thereafter to take her into custody. 
            Williams was charged by indictment with robbery. On September 9, 2004, Williams waived
a  jury  trial  and  pled  guilty  to  the  offense,  a  second-degree  felony.  See  Tex.  Pen.  Code
Ann. § 29.02(a)(1) (Vernon 2003). There was no negotiated plea agreement. The trial court
accepted Williams' plea and then heard evidence and argument regarding punishment. The trial
court then sentenced Williams to five years' imprisonment.
            On March 11, 2005, Williams' appellate counsel filed an Anders


 brief in which counsel
professionally discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal. As required by Anders, counsel also filed a motion to withdraw. 
Counsel also sent Williams a copy of the appellate brief and informed her of her right to file a
response pro se and of her right to review the record. 
            This Court informed Williams that her response, if any, was due by April 13, 2005. As of
this date, we have not received such a response. The State has not provided us any response. See
Tex. Code Crim. Proc. Ann. art. 2.01 (Vernon 2005).
            We have independently reviewed the record and the brief filed by counsel in this appeal, and
we agree there are no arguable issues that would support an appeal in this case. The record clearly
demonstrates that Williams' guilty plea was knowingly and voluntarily entered and that she
understood the consequences of relinquishing her Fifth Amendment right to remain silent. The range
of punishment was explained to Williams, and she acknowledged to the trial court that she
understood she faced between two and twenty years' imprisonment if the trial court did not grant
community supervision. Williams testified on her own behalf at trial in support of her motion for
community supervision; she was, therefore, properly subject to cross-examination by the State
regarding the circumstances of her crime and her suitability for community supervision. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004–2005) (evidence may be offered
by State and defendant as to any matter court deems relevant to sentencing, including prior criminal
record, circumstances of offense); Felder v. State, 848 S.W.2d 85, 99 (Tex. Crim. App. 1992) (citing
Cantu v. State, 738 S.W.2d 249 (Tex. Crim. App. 1987)). The trial court assessed Williams'
punishment at five years, which was within the range provided by our Legislature. See Tex. Pen.
Code Ann. § 12.33(a) (Vernon 2003).
            Williams' appellate counsel suggests Williams might have received ineffective assistance of
counsel at trial because trial counsel advised Williams to submit the issue of punishment to a judge
instead of a jury. The record before us, however, does not shed light on why Williams' trial counsel
advised her to submit the issue of punishment to the trial court rather than to a jury. Nor has
Williams shown in her brief to this Court that, but for such alleged bad advice from trial counsel,
Williams would have received a lesser sentence. See Hernandez v. State, 726 S.W.2d 53, 54–55
(Tex. Crim. App. 1986) (claims of ineffective assistance must show both deficient performance and
resulting prejudice). In the absence of counsel being given an opportunity to explain the basis of
such a strategy, the Texas Court of Criminal Appeals has stated it is error for an intermediate
appellate  court  to  sustain  a  claim  of  ineffective  assistance.  See  State  v.  Goodspeed,  No.  PD-1882-03, 2005 Tex. Crim. App. LEXIS 520 (Tex. Crim. App. Apr. 6, 2005).
            No reversible error appears in the record before us. We affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date submitted:          June 3, 2005
Date decided:              July 8, 2005

Do Not Publish