Affirmed and Memorandum Opinion filed August 30, 2007








Affirmed and Memorandum Opinion filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00187-CV

_______________

 

IN THE INTEREST OF D.H., A.L., J.L.C., AND C.C.

 

                                                                                                                                               


On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 30290

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

Appellant, the mother of D.H., A.L.,
J.L.C., and C.C., challenges the termination of her parental rights to her four
daughters and argues that she received ineffective assistance of counsel.  We
affirm.

I.  Factual
and Procedural History








This case was originally tried before
an associate judge on February 6, 2006.  The associate judge recommended
termination of appellant=s parental rights and the rights of the alleged or presumed
fathers of the children.  On February 7, 2006, the district court judge adopted
the recommendation and terminated the parental rights of appellant and the
putative fathers.  The attorney ad litem for the children contested the order 
in the district court and requested a hearing de novo, while appellant filed a
direct appeal to this court.  The Texas Department of Family and Protective
Services (ATDFPS@) then filed an unopposed motion to abate this appeal to allow the
district court to try the case de novo.  We granted the motion and issued an
abatement order on August 31, 2006.

The district court conducted the
second trial on September 6, 2006, and appellant=s parental rights were again ordered
terminated.  The district court found, by clear and convincing evidence, that
appellant 

(a)       knowingly placed or knowingly allowed the
children to remain in conditions or surroundings that endanger the physical or
emotional well-being of the children,[1]

(b)       engaged in conduct or knowingly placed the
children with persons who engaged in conduct that endangers the physical or
emotional well-being of the children,[2] and

(c)       failed
to comply with the provisions of a court order that specifically established
the actions necessary for the parent to obtain the return of the children who
have been in the permanent or temporary managing conservatorship of TDFPS for
not less than nine months as a result of the children=s removal from the parent under
Chapter 262 for the abuse or neglect of a child.[3]

The court further found, by clear and
convincing evidence, that termination of the parent-child relationship is in
the children=s best interest.








The appeal was reinstated on October
2, 2006.  Appellant filed a motion to substitute counsel on November 2, 2006
and moved for an extension to file appellant=s brief.  We granted both motions. 
On November 22, 2006, appellant filed a second motion for extension of time to
file her brief, and we granted that motion as well.  Appellant then filed a
motion to abate the appeal and requested that we remand the case to the
district court a second time for an evidentiary hearing to determine if
appellant received effective assistance of counsel.  We denied the motion.

Appellant filed her brief in this
court on February 12, 2006.  TDFPS responded with a motion to require appellant
to re-brief because her brief did not meet the requirements of Rule 38 of the
Texas Rules of Appellate Procedure.  We granted the motion, and appellant filed
an amended brief on March 13, 2007.  We denied TDFPS=s motion to dismiss the appeal for
appellant=s failure to comply with our order, and we now address her appeal on the
merits.

II.  Issues
Presented

In her first issue, appellant
contends that A[t]he Court of Appeals committed reversible error when it refused to
remand this appeal to the District Court for an evidentiary hearing to
determine if [a]ppellant received adequate counsel during the termination of
her parental rights.@  In her second issue, appellant complains generally that the
trial court committed reversible error because it terminated her parental
rights without clear and convincing evidence.

III. 
Analysis

A.        Ineffective Assistance of Counsel








Appellant first contends that this
court erred in denying her motion to abate the appeal and remand the case to
the trial court for a hearing on her claim of ineffective assistance of
counsel.  She asserts that she was denied effective assistance of counsel
because her court-appointed attorney advised her not to appear at the second
trial,[4] and argues
that a remand for an evidentiary hearing is critical to the protection of her
rights because her attorney=s advice admittedly does not appear in the record.  In
effect, she reurges her motion for  abatement and remand, but cites no authority
for the contention that she is entitled to such relief.  TDFPS, however, treats
appellant=s argument as direct challenge to the conduct of her trial attorney.  We
therefore address appellant=s first issue as a claim of ineffective assistance of
counsel.

We review such claims under the
standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984); see also In re M.S., 115 S.W.3d 534, 545
(Tex. 2003) (adopting the Strickland test to termination of parental
rights).  Under the Strickland test, an appellant must prove (1) his
trial counsel=s representation was deficient, and (2) the deficient performance was so
serious that it deprived the appellant of a fair trial.  Id. at 687, 104
S. Ct. at 2064.  To establish both prongs, the appellant must prove by a
preponderance of the evidence that counsel=s representation fell below the
objective standard of prevailing professional norms, and there is a reasonable
probability that, but for counsel=s deficiency, the result of the
proceeding would have been different.  Id. at 690B94, 104 S. Ct. at 2066B6.  An appellant=s failure to satisfy one prong makes
it unnecessary for a court to consider the other prong.  Id. at 697, 104
S. Ct. at 2069. 








Confronted with a silent record, we
begin our review with the strong presumption that counsel=s actions were motivated by sound
trial strategy, and we will not conclude the representation was deficient
unless the attorney=s conduct was so outrageous that no competent attorney would
have engaged in it.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005).  We sustain allegations of ineffective assistance only if firmly
founded in a record that affirmatively demonstrates the alleged
ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996) (en banc), abrogated on other grounds by Mosley v. State, 983
S.W.2d 249, 263 n. 18 (Tex. Crim. App. 1998) (en banc).  The record on direct
appeal is usually inadequate to overcome the presumption and show that counsel=s conduct fell below an objectively
reasonable standard of performance.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  But if the attorney=s conduct was so outrageous that no
competent attorney would have engaged in it, counsel=s performance falls below an
objective standard of reasonableness as a matter of law, regardless of whether
the record adequately reflects the attorney=s subjective reasons for the act or
omission.  Goodspeed, 187 S.W.3d at 392.         Here, appellant admits
that her attorney=s reasons for failing to call her as a witness in the second
trial are not stated in the record.  We therefore presume that the decision was
motivated by sound trial strategy.  Moreover, trial counsel=s failure to call appellant as a
witness was not outrageous, particularly in light of appellant=s testimony in the first trial, which
the court judicially noticed.  Appellant herself describes this testimony as Abordering on perjury@ and included testimony such as the
following:

Q:        [W]ho is Bobbie Johnson?

A:        I don=t
exactly know who that is.

Q:        You don=t
exactly know who that is?

A:        I=m
going to remind you that you=re under oath. 
Who is Bobbie Johnson?

Q:        He=s a
friend.

. . .

Q:        [W]here does Bobbie Johnson reside?

A:        In Alvin.

Q:        In Alvin.  What=s his address?

A:        I plead the Fifth.

[Objection deleted]

A:        I=m
not exactly sure where he lives.

Q:        Well, that=s because he lives with you, doesn=t
he?

A:        No.

At the trial de novo, however, the
trial court heard evidence that appellant lives with Johnson; that he is a
registered sex offender; that he was convicted of aggravated sexual assault of
a nine-year old girl; and that these facts are known to appellant.  

On this record, appellant has not
overcome the presumption that her trial counsel=s failure to call her as a witness
was motivated by sound strategy.  We overrule appellant=s first issue.

B.        Termination of Parental
Rights without Clear and Convincing Evidence 

TDFPS argues that appellant has
waived this issue.  We agree.








Despite an the opportunity to amend
her brief to include an appropriate statement of facts, appellant continues to
assert that she Aadopts all the testimony and exhibits from the Trial Court as
her statement of facts.@  Her general statement that the trial court Acommitted reversible error when it
terminated the parental rights of the [a]ppellant without clear and convincing
evidence@ does not allow us to determine the
nature of her complaint.  Her brief does not inform us whether she claims that
the evidence is legally insufficient, factually insufficient, or that the trial
court applied the wrong standard of proof.  She does not mention any finding or
act by the trial court other than the termination of her parental rights.  She
cites only her own favorable testimony from the first trial, but does not
address her admitted failure to remain alcohol-free, her undisputed arrests,
her conceded failure to maintain a safe and stable home, and her residence with
a registered sex offender.  In support of her second issue, appellant cites
only section 161.206(a) of the Texas Family Code.  See Tex. Fam. Code Ann. ' 161.206(a) (Vernon Supp. 2006) (AIf the court finds by clear and
convincing evidence grounds for termination of the parent-child relationship,
it shall render an order terminating the parent-child relationship.@).

In sum, we are unable to identify
appellant=s second issue, and thus we are unable to address it.  We conclude that
the issue is waived by inadequate briefing.  See Tex. R. App. P. 38.1(e)B(h).

IV.  Conclusion

We overrule appellant=s first issue, and conclude that her
second issue is waived.  We therefore affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 30, 2007.

Panel consists of Chief Justice
Hedges, Justices Hudson, and Guzman.                                                









[1]  See Tex.
Fam. Code Ann. ' 161.001(1)(D) (Vernon Supp. 2006).





[2]  See id. ' 161.001(1)(E).





[3]  See id. ' 161.001(1)(O).





[4]  Most of the other parties did not appear in person. 
Only the attorney ad litem for the children called witnesses.