Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00575-CR

_______________

 

INDIA RICE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 50,703  

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant India Rice of knowingly possessing, with intent to pass, a
forged writing.  The trial court assessed punishment at two years= confinement in state jail, suspended
the sentence and placed appellant on probation for five years, and assessed a
fine of $2,500.  Appellant challenges her conviction on the ground that she
received ineffective assistance of counsel.  We affirm.

 

 








I.  Factual and Procedural Background

In July
2005, appellant purchased a large-screen television from an electronics store
using a check drawn on the account of the complainant.  At appellant=s trial, the complainant testified
that she did not know appellant and had not authorized the transaction.  The
complainant also stated that her Aidentity had been stolen.@  In addition, a former store
employee identified appellant as the person who completed and provided the
check to pay for the television.  The store manager testified that appellant
was the individual who gave him the necessary information to verify the check. 
Both of these witnesses also testified that another female was present with
appellant when the television was purchased.  A video of a portion of the
transaction was played for the jury, but it did not show appellant filling out
or passing the check to the store employee.  A handwriting expert[1]
testified that he could not conclude whether appellant had written the check
because the copy provided to him, which had been sent via facsimile to his
office, was not clear enough for a proper analysis.  

After
hearing the evidence, a jury found appellant guilty of knowingly possessing,
with intent to pass, a forged writing.  Appellant elected to have the trial
court assess punishment; her punishment hearing was delayed so that a
pre-sentence investigation could be completed.  After the jury=s verdict was returned but before the
sentencing hearing, the handwriting expert, at the order of the trial court and
in the court=s chambers, completed a comparison of the handwriting on the original
check used to pay for the television and a Ahandwriting exemplar@ form completed by appellant.  In his
report, which is included in our record, the analyst stated he believed
appellant had written the check because of Athe significant similar
characteristics noted in the [s]tyle of the handwriting, as well as the
significant characteristics found in the slant, spacing, and curvatures of the
letters in the handwriting.@  








A
pre-sentence investigation report was prepared, in which the investigator recommended
against placing appellant on community supervision because she refused to take
responsibility for the offense.[2]  The investigator
testified regarding her recommendation, but also acknowledged that appellant
could be successful at completing probation.  A friend of appellant=s testified that she believed
appellant would be a good candidate for probation and would abide by the court=s rules.  Additionally, appellant
testified that, although she disagreed with the jury=s verdict, she would do whatever was
necessary to stay out of prison so she could remain at home with her
13-year-old son.  

The
trial court sentenced appellant to two years= in state jail, but ordered the
sentence suspended and placed appellant on probation for five years.  The trial
court also assessed a fine of $2,500.  A motion for new trial was overruled by
operation of law, and this appeal ensued.

II.  Issue Presented

In a
single issue, appellant argues that she was denied her right to effective
assistance of counsel because her trial counsel failed to investigate her case,
interview witnesses, and locate the original check prior to trial.

III.  Analysis

A.        Standard of Review








We review claims of ineffective assistance of counsel under
the standard set forth in Strickland v. Washington, 466 U.S. 668
(1984).  Under the Strickland test, an appellant must prove (1) his
trial counsel=s representation was deficient, and (2) the deficient
performance was so serious that it deprived the appellant of a fair trial.  Id.
at 687.  To establish both prongs, the appellant must prove by a preponderance
of the evidence that counsel=s representation fell below the objective
standard of prevailing professional norms, and there is a reasonable
probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Id. at  690B94.  An appellant=s failure to
satisfy one prong makes it unnecessary for a court to consider the other prong.  Id. at 697. 
This test is applied to claims arising under the Texas Constitution as well as
those arising under the United States Constitution.  Hernandez v. State,
726 S.W.2d 53, 56B57 (Tex. Crim. App. 1986) (en banc).

Our
review of defense counsel=s performance is highly deferential, beginning with the
strong presumption that the attorney=s actions were reasonably
professional and were motivated by sound trial strategy.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  When the record is
silent as to trial counsel=s strategy, we will not conclude that defense counsel=s assistance was ineffective unless
the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@ Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

B.        Application

Appellant
asserts that her trial counsel was ineffective by Afailing to investigate, to interview
witnesses, and to locate the original check prior to trial thereby depriving
[her] of the opportunity to submit to a handwriting analysis.@  Appellant complains that her trial
counsel=s failure to discover, obtain, and
analyze the handwriting on the check used to pay for the television resulted in
depriving her of her only viable defense.  She references several instances in
the record where it is clear that her trial counsel was unaware that the
original check still existed and could be obtained for a handwriting analysis. 
She further directs us to examples of her trial counsel=s purported failure to follow-through
with a handwriting analysis after he discovered the original check was
available.








Appellant
acknowledges that the State did not have Ato prove who actually wrote or passed
the forged check in a case of forgery by possession.@ Appellant argues that showing that
appellant did not write the check would have negated Athe possession and passing of the
check by [a]ppellant@ because Athe person who wrote the check was the same person who passed
it to the clerk and was the only person who possessed the check with intent to
defraud.@  Even if we assume that this
argument has merit, however, the record reflects that the defense=s handwriting expert actually
concluded that appellant wrote the check to the electronics store.  Thus, all
of her claims suffer from the same failing: they are all premised on the
erroneous assumption that the handwriting analysis would have shown that
appellant did not write the check. 

Under
these circumstances, appellant cannot show a reasonable probability that, but for
counsel=s alleged
deficiency, the result of the proceeding would have been different.  See Strickland, 466 U.S. at 694; see also
Garrett v. State, 998 S.W.2d 307, 314 (Tex. App.CTexarkana 1999, pet. ref=d) (A[A]n attorney=s failure to investigate or present
witnesses will be a basis for establishing ineffective assistance of counsel
only where it is affirmatively shown that the presentation of that evidence
would have benefitted appellant.@).  After all, had the handwriting
expert testified regarding his conclusion that appellant did write the check at
issue, the jury would have had more incriminating evidence to consider before
reaching its verdict.[3]  Because
appellant has not established the second Strickland prong, we need not
consider whether her trial counsel=s performance was deficient.  Strickland,
466 U.S. at 697.  We therefore overrule appellant=s only issue.  








IV.  Conclusion

Having
overruled appellant=s sole issue, we affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Although this
expert was retained by the defense, the State stipulated on the record to his
qualifications.





[2]  At the
conclusion of the sentencing hearing, the trial court adjourned until appellant
completed an instanter drug test.  





[3]  Further, we
note that trial counsel=s representation may fall below an objective standard
of reasonableness only if counsel does not conduct an adequate pretrial
investigation.  Salinas v. State, 274 S.W.3d 256, 261 (Tex. App.CHouston [14th Dist.] 2008, pet. filed) (citing Wiggins
v. Smith, 539 U.S. 510, 521B22, 533B34 (2003)).  Counsel has a duty to make reasonable
investigations or to make a reasonable decision that makes particular investigations
unnecessary.  Id.  Generally, we defer to counsel=s judgments regarding decisions about the type of
investigation necessary in a particular case.  See id.  Here, we have no
record indicating what investigation counsel made.  In fact, appellant=s trial counsel may have performed a basic
investigation that supported the State=s
allegations, and reasonably have decided to go no further.  See id.