IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,874-03






EX PARTE ENRIQUE CAVAZOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-1068-04-F IN THE 332ND DISTRICT COURT


FROM HIDALGO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
aggravated robbery and one count of evading arrest. He was sentenced to imprisonment for four
terms of thirty years and one term of two years. The Thirteenth Court of Appeals affirmed his
convictions. Cavazos v. State, No. 13-04-00325-CR (Tex. App.-Corpus Christi, Aug. 30, 2007, pet.
ref'd).

 Applicant contends, among other things, that the indictment was defective, the trial court
erred, counsel rendered ineffective assistance, jurors were biased, and the jury charge was erroneous.
He also contends that the cumulative effect of these errors was harmful. The trial court made
findings of fact and conclusions of law and recommended that we deny relief. We agree that
Applicant's claims are without merit and should be denied. We do not agree, however, with the trial
court's conclusion that Applicant's ineffective assistance of counsel claims should have been raised
on direct appeal. It is well settled that ineffective assistance of counsel claims should usually not be
raised on direct appeal because the record is often undeveloped. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). 

 Relief is denied.

 

Filed: September 16, 2009

Do not publish