

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00043-CR

**DAVID DUANE DUNIGAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 32765CR**

## MEMORANDUM OPINION

David Duane Dunigan was convicted of evading arrest with a vehicle. TEX. PENAL CODE ANN. § 38.04 (West Pamp. 2010). He was sentenced to 20 years in prison. We affirm.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Dunigan asserts that his trial counsel provided ineffective assistance. He points to a plethora of "failures" by trial counsel to support his claim. To prove ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient to the extent that counsel failed to function as the "counsel"

guaranteed by the Sixth Amendment and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). A claim of ineffective assistance must be firmly demonstrated in the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

This record, however, is undeveloped and does not adequately reflect the motives behind the trial counsel's failures to take certain actions. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Counsel should ordinarily be afforded an opportunity to explain his actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (*citing Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Based upon this record, we cannot conclude Dunigan established that counsel's performance was "so outrageous" that it fell below the objective standard of reasonableness, and thus, satisfied the first prong of *Strickland*. *See id*.; *see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). His first issue is overruled.

## MULTIFARIOUS ISSUE

In his second issue, Dunigan complains that the trial court abused its discretion by 1) denying Dunigan the right to effective assistance of counsel, 2) denying Dunigan a

hearing on his motion for new trial and denying his appointed attorney's second motion for new trial, 3) denying Dunigan the right to perfect an appeal by denying him a full record, and 4) denying Dunigan the right to a trial by jury and sentencing by jury. The State asserts that this issue is multifarious and is improperly briefed. Dunigan has not disputed the State's assertion.

An issue is multifarious when it raises more than one specific complaint, and we are permitted to reject multifarious issues on that basis alone. *Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010); *Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000). We agree with the State that Dunigan's second issue is multifarious and improperly briefed. Accordingly, the issue is overruled.

### FAIR TRIAL

Dunigan contends in his third issue that he was denied the right to a fair and impartial trial under Article I, Section 10 of the Texas Constitution because of statements the trial court made during voir dire and because the trial court denied him a full record for purposes of appeal. The State asserts that the first part of Dunigan's issue was not preserved because Dunigan failed to object to the trial court's statements. Dunigan maintains that the comments by the trial court tainted the presumption of innocence and was fundamental error which required no objection.

Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1. *See Layton v. State*, 280 S.W.3d 235, 238 (Tex. Crim. App. 2009); *Neal v. State*, 150 S.W.3d 169, 175

(Tex. Crim. App. 2004). Unpreserved error may be reviewed if the error is a fundamental error that affects a defendant's substantial rights. TEX. R. EVID. 103(d); *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993). However, there are few rights that must be affirmatively waived and may therefore be raised for the first time on appeal. *Marin*, 851 S.W.2d at 280.

Dunigan takes issue with the following statements by the trial court at the beginning of voir dire.

> All right. And Mr. Dunigan is charged with the offense of evading arrest with a vehicle. That is a felony offense in the State of Texas. To evade arrest with a vehicle, that is while a – if you evade arrest with a vehicle while an officer is attempting to detain or arrest you and you evade arrest or detention or stop with a vehicle, that is a felony offense in the State of Texas. One thing it doesn't mean, it is not a defense to the offense of evading arrest whether you actually did anything to cause the officer to stop you or try to stop you or detain you or arrest you.
>
> ***
>
> As I said, attempting to arrest or detain somebody. A police officer doesn't have to be able to prove at the time he's attempting to arrest or detain you or to investigate an offense, he's not required to be able to prove at that point in time beyond a reasonable doubt that a defendant did do something.
>
> They're required to have a reasonable suspicion to detain, have a probable cause to arrest. They have those lower standards that may be applicable. But the fact that that doesn't turn out and a defendant did not commit the offense of which they were attempting to detain or evade or flee – still doesn't give the citizenry the right to flee, even though they're not guilty.

After reviewing these statements, we find they did not rise to such a level as to "bear on the presumption of innocence or vitiate the impartiality of the jury" and therefore do not implicate the doctrine of fundamental error. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Therefore, Dunigan was required to object to preserve

this issue for our review.  He did not.  This portion of Dunigan's third issue is not preserved.

The second part of Dunigan's third issues involves his ability, or lack thereof, to review for appeal the DVD that had been admitted in evidence.  There is nothing in the appellate record that supports Dunigan's complaint.

Accordingly, Dunigan's third issue is overruled.

## CONCLUSION

Having overruled each issue presented, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 2, 2011
Do not publish
[CR25]