Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-10-00088-CR

Denise Kay **CROUCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 08-06-09897-CR
Honorable Camile G. Dubose, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: April 6, 2011

AFFIRMED

Denise Crouch pleaded guilty to murdering John Wesley Long, and the jury assessed punishment at life imprisonment for her offense. On appeal, Crouch contends defense counsel provided her with ineffective assistance of counsel. We affirm.

## BACKGROUND

On April 27, 2008, Long and Donnie Glick, Crouch's boyfriend, were socializing outside Long's trailer when Crouch approached the two men. Crouch immediately "got [into Long's]

face" and began arguing with him about Glick. After the argument had ended, Crouch and Glick left Long's trailer; Crouch walked angrily back to her trailer, while Glick went to play with some of the neighborhood kids near Crouch's trailer.

Upon returning to her trailer, Crouch saw Glick playing kickball in the street and yelled to him that he "sucked." Crouch then proceeded to throw a picture frame in the vicinity of where Glick was playing. Glick believed Crouch was acting out of the ordinary, and he decided to go home.

Glick called Long upon returning to his residence and spoke to Long for about an hour. After he spoke to Long, Glick went outside to ride his bicycle. Upon leaving his trailer, Glick observed Crouch walking in the direction of Long's trailer. Glick ignored Crouch, who was carrying a purse, and rode away from the trailer park.

When Glick returned to the trailer park a short while later, a police officer was outside Long's trailer. The officer saw Glick and stopped him for questioning because Long had placed a 9-1-1 call during the period between when Glick last saw Crouch and his return to the trailer park. Long had been stabbed multiple times in the chest, and he reported to police that "Denise" had stabbed him. Glick told the officer where Crouch lived and officers proceeded to Crouch's trailer.

Crouch was inside her trailer, smoking, drinking, and watching television when officers arrived, and the officers ordered Crouch to come out of her trailer. Crouch complied with the officers' request and was immediately handcuffed and frisked for weapons. Officers advised dispatch that they had Crouch in custody and began questioning her about what had happened to Long.[1] Crouch told the officers that she had stabbed Long and hidden the knife in her kitchen

---

[1] Officers purportedly did not advise Crouch of her rights prior to their questioning.

drawer.  Crouch was thereafter placed in a patrol car and transported to the police department for booking.[2]

During the interim, paramedics immobilized Long and removed him from his trailer.  As paramedics were moving him, Long commented "I'm going to die.  I'm not going to make it."  Long subsequently became unresponsive.  Paramedics tried to revive Long, but could not save him.

The next day, officers met with Crouch about the attack on Long.  Crouch agreed to speak with officers and, after receiving her *Miranda* rights, gave the officers a videotaped statement.  Crouch essentially repeated her prior inculpatory statements about the incident and confirmed that she was responsible for attacking Long.

After Crouch was indicted for murder, she gave notice of her intent to raise an insanity defense.  Although Crouch had exercised her right to a jury trial, she had a change of heart after the prosecution rested its case and changed her plea from not guilty by reason of insanity to guilty.  The trial court accepted Crouch's plea and found her guilty of murder.  A jury subsequently assessed Crouch's punishment at life imprisonment.

Crouch timely filed a motion for new trial, alleging she was not mentally competent at the time she changed her plea from not guilty by reason of insanity to guilty.  Crouch's motion for new trial did not present any allegations of ineffective assistance of counsel.  The trial court held a hearing on Crouch's motion and denied her request for a new trial.  This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel entails two components.  *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington*, 466 U.S. 668,

---

[2] Crouch allegedly told the transporting officers "that it was real easy to hurt somebody and that she had sliced [Long] up like a piece of chicken."

687 (1984)).  An appellant claiming ineffective assistance of counsel must establish both that her trial counsel performed deficiently and that the deficiency prejudiced her.  *Id*.  For appellant to meet her burden, she must prove her attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the proceeding would have been different.  *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation.  *Morales*, 253 S.W.3d at 696; *Tong*, 25 S.W.3d at 712.  We review the effectiveness of counsel in light of the totality of the representation and the particular circumstances of each case.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped.  *Id.* at 813-14.  Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."  *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  "Absent such opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'"  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).  Finally, an appellant's failure to satisfy one component of an ineffective assistance of counsel claim negates a court's need to consider the other component.  *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

### DISCUSSION

Crouch contends she received ineffective assistance of counsel because defense counsel did not file a pretrial motion to suppress the statements she made to police about the incident or

the evidence seized as a result of her statements. The record, however, is silent as to why defense counsel made the decision not to file a pretrial motion to suppress. Crouch did not present any allegations of ineffective assistance of counsel in her motion for new trial so no record exists establishing defense counsel's thought process. This court will not speculate as to what counsel's motives and strategy might have been with regard to the alleged error. Without affirmative evidence in the record to overcome the presumption of reasonable assistance, we are not persuaded by Crouch's claim of ineffective assistance of counsel. *See Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (stating a trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel).

In any event, we note that Crouch was required to show by a preponderance of the evidence that the motion to suppress would have been granted and the remaining evidence would have been insufficient to support her conviction to prevail on her claim of ineffective assistance. *See id.* The record shows the prosecution had evidence establishing the following: (1) Crouch was seen arguing with the victim several hours before the victim was fatally stabbed; (2) Crouch was angry and acting abnormally following her argument with the victim; (3) a witness, Crouch's boyfriend, observed Crouch walking in the direction of the victim's trailer shortly before the victim placed a call to 9-1-1; and (4) the victim identified his assailant as "Denise," which also happens to be Crouch's first name. Even if we were to assume the trial court would have granted a motion to suppress if filed by defense counsel, a fact finder would nevertheless be rationally justified in finding Crouch guilty of murder given the facts of this case. *See, e.g., Ho v. State*, No. C14-91-00612-CR, 1992 WL 85445, at *2-3 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (not designated for publication) (holding evidence was sufficient to support appellant's murder conviction where: (1) the appellant and victim had a public altercation, which

resulted in an embarrassing moment for the appellant, nine days before the murder occurred; (2) the victim told police that his friends had set him on fire; and (3) the victim, when asked by police to specifically identify his assailants, mentioned appellant's first name). Because Crouch cannot satisfy both components of an ineffective assistance of counsel claim, her sole issue on appeal must fail. *See Garcia*, 57 S.W.3d at 440.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH