COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARK NEWELL FERGUSON, | § | No. 08-10-00299-CR |
| Appellant, | § | Appeal from the |
| v. | § | 21st District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Lee County, Texas |
| | § | |
| Appellee. | § | (TC# 7064) |
| | § | |

## O P I N I O N

Mark Ferguson appeals from a jury conviction finding him guilty of assault with a deadly weapon. Ferguson's sole issue on appeal asserts that his trial counsel rendered ineffective assistance by failing to pursue several objections to an adverse ruling. Affirmed.

## BACKGROUND

On September 29, 2009, a grand jury indicted Appellant for intentionally, knowingly, or recklessly causing bodily injury by assaulting Mr. Steven Lewis Hughes with a vehicle. During a discussion with another individual, Appellant got involved in an argument with Mr. Hughes. As Appellant moved toward his vehicle to leave, Mr. Hughes confronted him. As Appellant began to drive away, he grabbed Mr. Hughes' shirt through the driver's window, and dragged him for some distance down the street.

Mr. Hughes' shirt ripped and he fell to the ground. He then threw a spark plug and struck the rear window of Appellant's car. Before driving away, Appellant turned the car around and struck Mr. Hughes with the front of his vehicle. He made another u-turn, and ran Mr. Hughes

over as he was lying in the street. Mr. Hughes sustained numerous injuries, including a broken eye socket, broken jaw, and damage to both of his legs.

After pleading not guilty to the charges filed against him and proceeding to trial, a jury returned a verdict convicting Appellant of the second degree felony offense of aggravated assault with a deadly weapon, and sentenced him to twenty years' confinement. Appellant raises one issue on appeal, asserting that trial counsel rendered ineffective assistance for failing to preserve error by not obtaining an adverse rulings on several sustained objections made throughout the course of the trial proceedings.

**DISCUSSION**

The proper standard for reviewing claims of ineffective assistance of counsel is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647 (1984). In order to establish ineffective assistance of counsel, an appellant must prove that (1) his counsel's performance was deficient and (2) he was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. If an appellant fails to satisfy his burden under the first *Strickland* prong, there is no need to address the second. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999).

Under the first prong of the *Strickland* analysis, counsel's performance is deficient when it falls below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. Appellate review of trial counsel's conduct is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). The burden of overcoming this presumption falls on the appellant. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Any allegation of ineffectiveness must be firmly

rooted and affirmatively demonstrated in the record to overcome this strong presumption. *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). In the majority of instances, this task is extremely difficult because the record on direct appeal is simply undeveloped and cannot adequately reflect the deficiencies of trial counsel's performance. *Thompson*, 9 S.W.3d at 813-14.

In his sole appellate issue, Appellant contends that trial counsel's representation was constitutionally deficient for failure to preserve potentially reversible error related to twenty-eight objections made throughout trial. As Appellant admits, the objections were sustained by the trial court. Appellant argues that the representation was deficient, however, because counsel failed to pursue the objections to an adverse ruling by requesting instructions to disregard, and making motions for mistrial. Appellant concludes that by failing to take these actions, counsel failed to preserve errors which could have lead to his conviction being overturned on appeal.

As is the case in so many claims of ineffective assistance on direct appeal, we do not have the benefit of a record containing trial counsel's explanation for not pursuing the objections in the manner Appellant now argues. As a consequence, we must presume that trial counsel had a reasonable professional basis for not pursuing the objections, and that he acted within the range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 814. Absent a record, our inquiry on direct appeal is limited to whether the challenged conduct was, "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005).

As a general rule, a complaint is preserved for appellate review by a valid, specific, and timely objection, which results in an adverse ruling. *See* TEX.R.APP.P. 33.1(a)(1); *Peralta v.*

*State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). Because the trial court ruled in Appellant's favor by sustaining trial counsel's objections, there is no further adverse ruling on which Appellant could base an appellate argument. *See* TEX.R.APP.P. 33.1(a)(1). On the issue of counsel's failure to pursue the objections, it is possible that having obtained favorable rulings on the objections, counsel choose not to pursue the issues so as to avoid drawing further attention to the evidence, question, or argument. Whether or not counsel's decision was optimal, is not for this Court to determine. We must only ask whether the conduct was "outrageous," and in this case there is no basis for such a conclusion. Accordingly, Appellant has failed to establish that counsel's performance was deficient under the first prong of the *Strickland* analysis, and it is unnecessary to address prejudice. *SeeThompson*, 9 S.W.3d at 813-14. Issue One is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


October 31, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)