IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00028-CR

 

Simon A. Chavez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Criminal Court
No. 8

Tarrant County, Texas

Trial Court No. 0911928

 



MEMORANDUM  Opinion










 

      Chavez appeals his misdemeanor conviction
for driving while intoxicated.  See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).  We affirm.

      Closing Argument.  In Chavez’s
first issue, he contends that the State improperly stated the burden of proof
in closing argument.  In order to preserve a complaint of improper jury
argument, a party must timely object.  Tex.
R. App. P. 33.1(a); Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
Chavez does not point to an objection in the record.  Chavez thus forfeited his
complaint.  We overrule Chavez’s first issue.

      Effective Assistance of Counsel.  In
Chavez’s second issue, he contends that counsel failed to render the effective
assistance of counsel.  See U.S. Const.
amend. VI; Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984).  Chavez argues that counsel failed to object to the
State’s closing argument.  “A Strickland claim must be ‘firmly founded
in the record’ and ‘the record must affirmatively demonstrate’ the meritorious
nature of the claim.”  Goodspeed v. State, No. PD-1882-03, 2005 Tex. Crim. App. LEXIS 520, at *4 (Tex. Crim. App. Apr. 6, 2005) (quoting Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).  “If counsel’s reasons
for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been legitimate trial strategy, we will
defer to counsel’s decisions and deny relief on an ineffective assistance claim
on direct appeal.”  Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim.
App. 2003), cert. denied, 541 U.S. 940 (2004); accord Goodspeed
at *4.  Counsel’s reasons for not objecting do not appear in the record.  We
overrule Chavez’s second issue.

      Having overruled Chavez’s issues, we
affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed October 19, 2005

Do
not publish

[CR25]