COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

LUZ MARTINEZ,                                    No. 08-10-00120-CR

§

    Appellant,                              Appeal from the

§

V.                                               16th Judicial District Court

§

THE STATE OF TEXAS,                              of Denton County, Texas

§

    Appellee.                               (TC# F-2009-0192-A)

§

§

**O P I N I O N**

Luz Martinez appeals her conviction for burglary of a habitation. She was sentenced by a jury to 5 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues on appeal, arguing that trial counsel was constitutionally ineffective.

Appellant was charged with burglarizing the home of Gregg and Jamey Musgrove near Denton, Texas. According to Mrs. Musgrove, Appellant began working for the family as a housekeeper on September 22, 2008. Appellant accessed the Musgroves' home via a set of keys which Mrs. Musgrove left in the garden-hose reel. At the end of the day, Mrs. Musgrove removed the keys from the hose reel, and did not replace them until Appellant was scheduled to return to the house.

After three days of service, Mrs. Musgrove was not satisfied with Appellant's work. Mrs. Musgrove left payment for Appellant's prior work with a note explaining that the family

would no longer need her and attached it to the front door on September 25, 2008.

Mrs. Musgrove testified that she did not put the spare key set out that day. In the days that followed, the Musgroves received several phone calls and emails from Appellant demanding to speak to Mrs. Musgrove. Mrs. Musgrove described the tone of the calls and emails as "angry" and "upset."

On October 27, 2008, the Musgroves returned home after work and discovered their home had been burglarized. Several electronic items had been taken, including a wall-mounted television. In the couple's bedroom, the lock to the top drawers of Mrs. Musgrove's dresser had been forced open and all the items, including cash, credit cards, birth certificates, passports, and jewelry had been taken. None of the other dresser drawers had been disturbed. Despite the damage to the interior, the home had not been entered by force.

Shortly after the burglary, the Musgroves began noticing fraudulent activity on their credit cards. The transactions all took place in close proximity to Appellant's residence. Although she denied taking part in the burglary, during her own testimony, Appellant admitted that she used the credit cards to make the purchases identified by the Musgroves.

The jury convicted Appellant of the charged offense, and despite Appellant's application for probation, sentenced her to five years' imprisonment. Appellant raises two issues for this Court's review both contending that the punishment phase of trial was prejudiced by ineffective assistance of counsel.

In both of the issues Appellant presents to this Court, she contends that she was deprived of her constitutional right to effective assistance of counsel during the punishment phases of trial. In Issue One, Appellant argues trial counsel was ineffective for failing to object to the

prosecutor's improper argument. In Issue Two, Appellant asserts that counsel's failure to offer evidence of her eligibility for probation also constituted ineffective assistance.

A claim of ineffective assistance of counsel consists of two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant must establish both that his trial counsel performed deficiently, and that the deficiency caused him prejudicial harm. *Id*. When evaluating trial counsel's performance under the first prong, the reviewing court must not second-guess legitimate strategic or tactical decisions made in the midst of trial. *Id*. at 689, 104 S.Ct. 2065. Instead a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance must be indulged. *Id*. Absent a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that the attorney's performance was constitutionally adequate. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it" the constitutional standard is not offended. *Id*.

Any allegation of ineffectiveness must be firmly grounded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). It is the appellant's burden to demonstrate both deficient performance and prejudice, by a preponderance of the evidence. *See Thompson*, 9 S.W.3d at 813. The reviewing court must consider the totality of the representation and the particularities of each case in evaluating effectiveness. *Id*.

At the close of the punishment phase of trial, defense counsel argued, in part, that the jury should sentence Appellant to probation because, "[w]e know she doesn't have any felony convictions prior to today, because if we did, you'd have evidence of that. You'd be looking at it

right now." In Issue One, Appellant contends the State made two improper arguments during its rebuttal to her closing. First, Appellant contends the prosecutor's statement that, "[w]e have absolutely no idea how many times [Appellant] has committed that crime before," and the State's continuing argument that Appellant failed to establish she was entitled to probation was improper. Second, Appellant contends the State improperly emphasized the lack of defense witnesses during the punishment phase. Appellant concludes that trial counsel's failure to object to the statements constituted ineffective assistance of counsel.

In Issue Two, Appellant argues that defense counsel's failure to offer evidence in support of her application for probation during either phase of trial was also ineffective assistance. In the context of Appellant's admission during cross-examination that she had fraudulently used the complainant's credit cards, Appellant contends that trial counsel's failure to offer some evidence that she was eligible for parole constituted ineffective assistance, and prejudiced the jury's consideration of the alternative punishment.

Although a motion for new trial was filed in this case, the record is devoid of any evidence or explanation for trial counsel's actions. Without such a record we must presume that counsel's actions were the product of professionally reasonable strategic or tactical decision making. *See Goodspeed*, 187 S.W.3d at 392. As such, Appellant has failed to carry her burden to prove counsel's performance was constitutionally deficient, and there is no need to address the alleged prejudicial effect of the alleged errors. *See Thompson*, 9 S.W.3d at 813.

Accordingly, we overrule Issues One and Two and affirm the trial court's judgment.

July 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)