**Affirmed and Memorandum Opinion filed February 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00047-CR

---

### EDGAR SALVADOR RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 65023**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Edgar Salvador Rodriguez, appeals his conviction for robbery. In a single issue, appellant contends he was denied effective assistance of counsel. We affirm.

## I. BACKGROUND

At trial, the complainant, Navin Maharaj, testified as follows. He placed an ad on Craig's List to sell pit bull puppies. He was contacted by a man expressing an interest in buying four puppies. They arranged to meet at a mall in Lake Jackson, Texas on the night of December 28, 2010. Appellant was the driver of a vehicle containing three other men, which stopped next to Maharaj's truck in the parking lot. Maharaj stood outside appellant's window while they discussed the puppies. During this time, the three passengers exited the vehicle and looked at the puppies in the back of Maharaj's truck. Appellant told Maharaj they would buy the puppies, and appellant and the passengers discussed how they would pay for the purchase. As Maharaj walked toward his truck to retrieve the puppies, the passengers began beating and kicking Maharaj. Appellant never exited the vehicle and did not assault Maharaj. Maharaj eventually escaped and ran into a restaurant for assistance. When a police officer escorted Maharaj back to his truck, the puppies' crate was on the ground, but the puppies were gone. They were never returned to Maharaj.

A police officer developed appellant as a suspect after investigating information regarding his vehicle. Appellant voluntarily appeared at the police station for an interview. In the interview, appellant stated he was at the mall earlier on the day of the incident but did not participate in the robbery and instead purchased one of the puppies from Jose Martinez. Subsequently, Maharaj identified appellant and one of the passengers in a police photograph array. At trial, Maharaj also identified appellant as the driver.

The State presented testimony from Jose Martinez, one of the perpetrators, who provided the following account. Appellant and the other two men "plotted" the robbery. Martinez agreed to participate because he needed money. Martinez

2

beat Maharaj. Another perpetrator took the crate and released the puppies into appellant's vehicle. The empty crate was left at the scene. Appellant drove the perpetrators away from the scene. Each perpetrator took a puppy; Martinez sold one for $150 but did not know what happened to the one appellant took.

Appellant testified on his own behalf and claimed the following. He was present when the other three men discussed pit bull puppies, but they mentioned nothing about a robbery. They asked appellant to drive, but he refused. Appellant was at the mall earlier in the day but did not participate in the robbery. Martinez falsely accused appellant based on anger that appellant refused to drive the men to the mall. Appellant acknowledged the perpetrators' vehicle, which Maharaj described as having distinctive features such as "Lamborghini" style doors and a "Texas Showdown" decal, was owned by appellant's father.

Appellant was charged with robbery by causing bodily injury. *See* Tex. Penal Code Ann. § 29.02(a)(1) (West 2011). The trial court submitted an instruction on the law of parties in the jury charge. A jury convicted appellant of the offense and assessed punishment at five years' confinement and a fine. In an amended motion for new trial, appellant raised an ineffective-assistance-of-counsel complaint. After a hearing, during which appellant presented testimony from his trial counsel, the trial court denied the motion.

## II. ANALYSIS

In his sole issue, appellant contends he was denied effective assistance of counsel.[1] Because appellant raised this claim via motion for new trial, we review his contention as a challenge to denial of the motion for new trial. We review

---

[1] At the outset of his brief, appellant recites his sole issue as a challenge to denial of a motion to suppress. It appears this recitation was inadvertent because he presents only an ineffective-assistance claim in the body of his brief. He has waived any complaint related to a motion to suppress by failing to present supporting argument. *See* Tex. R. App. P. 38.1(i).

denial of a motion for new trial under an abuse-of-discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), superseded in part on other grounds by Tex. R. App. P. 21.8(b). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the ruling. *Id.*

To prevail on an ineffective-assistance claim, an appellant must prove (1) counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). In evaluating the first component, a reviewing court must not second-guess legitimate strategic or tactical decisions made by trial counsel in the midst of trial, but instead must indulge a strong presumption counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). Absent a record sufficiently demonstrating counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume counsel's performance was constitutionally adequate "'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *Morales*, 253 S.W.3d at 696–97 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

During trial, the following exchange occurred when the State examined Jose Martinez regarding his interaction with appellant after they met:

Q.  Did you-all start hanging out?
A.  Yes, sir.
Q.  What kind of things would you-all do?

A.    Really just drink, smoke.

Q.    Smoke what?

A.    Marijuana.

Appellant complains trial counsel failed to object to, or request an instruction to disregard, the testimony that appellant had previously smoked marijuana. According to appellant, the testimony would have been inadmissible because it was irrelevant, it constituted evidence of an extraneous offense offered solely to prove appellant committed the robbery in conformity with his character, and any probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 401, 402, 404(b), 403.

Appellant asserts his trial counsel admitted at the motion-for-new-trial hearing that he lacked any strategy for failing to object to the testimony at issue. Trial counsel generally suggested he might have deliberately refrained, for impeachment purposes, from objecting to evidence solely regarding Martinez's "bad" acts but counsel could not conceive of a strategy for permitting the jury to hear that appellant was also involved in these "bad" acts. Nevertheless, we need not decide whether appellant satisfied the first prong of *Strickland* because we conclude appellant failed to satisfy the second prong.

Appellant acknowledges the evidence placing him at the scene but claims the evidence was weak relative to his participation in the robbery; thus, the testimony he previously used marijuana contributed to his conviction. In support, appellant asserts that Maharaj's testimony showed, at most, appellant was the driver of the vehicle. Appellant further contends the only evidence of his participation in the robbery was provided by the accomplice, Martinez, who had motive to "assist the State" because a robbery charge was pending against him.

However, at the time of appellant's trial, Martinez had been granted only use

5

immunity, precluding the State from offering his testimony in a subsequent prosecution against Martinez; he had not been granted immunity from prosecution. Moreover, we disagree with appellant's characterization of the evidence as weak relative to appellant's participation in the robbery. Because appellant and Martinez both testified, the jury was able to evaluate their credibility. In fact, Martinez's admitted involvement in the robbery and assault of Maharaj could have contributed to the jury's determination he was truthful because he was willing to cast himself in a negative light.

Additionally, the trial court instructed the jury on the accomplice-witness rule: the jury could not convict appellant unless it believed Martinez's testimony and it was corroborated by other evidence tending to connect appellant to the offense. The following evidence or inferences supported Martinez's testimony that appellant was a participant: (1) the jury could have rationally rejected the proposition that one person in the vehicle mistakenly believed the men were actually purchasing puppies while the other three men planned to rob Maharaj; i.e., that appellant was an unwitting driver and the other men did not discuss the planned robbery before they all three exited the vehicle in concert; (2) it is a rational inference appellant remained in the vehicle to serve as getaway driver, considering the other three men all exited the vehicle; (3) appellant did drive away from the scene with the stolen puppies; (4) appellant did not return the puppy he allegedly purchased after the police officer advised him it had been stolen; (5) the officer went to appellant's home several times attempting to contact him but received no answer and there was no indication of a dog residing at the home; and (6) appellant was untruthful in his police interview and at trial by claiming he was not even present at the scene when Maharaj identified him as the driver and the distinctive vehicle (with "Lamborghini" style doors and a "Texas Showdown"

6

decal) used in the offense was owned by appellant's father.

Appellant also emphasizes Maharaj's testimony that appellant engaged in a discussion about payment for the puppies as allegedly demonstrating he was unaware of the intended robbery. However, even the passengers who undisputedly robbed Maharaj first discussed payment for the puppies, thus supporting a rational inference the discussion was a ruse and appellant's involvement in the discussion did not negate his participation in the robbery.

Based on the strength of the State's evidence, we conclude a brief reference to the fact appellant had smoked marijuana did not persuade the jury he committed the robbery or contribute to its finding of guilt. Marijuana use is an offense of a different character and degree than robbery, particularly a robbery effected by causing bodily injury. We cannot conclude the jury translated the fact appellant had used marijuana into an assumption he must have also committed the robbery.

In summary, we conclude there is not a reasonable probability that, but for counsel's failure to object to, or request an instruction to disregard, the testimony regarding marijuana use, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Salinas*, 163 S.W.3d at 740. Therefore, the trial court did not abuse its discretion by rejecting appellant's ineffective-assistance-of-counsel claim and denying his motion for new trial.

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/     John Donovan
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

7