In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00267-CR

_____

**DAVID CLIFFORD PEDDER JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A-100640-R**

**MEMORANDUM OPINION**

Claiming that his attorney rendered ineffective assistance of counsel, David Clifford Pedder Jr. appeals his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2012).[1] We affirm the trial court's judgment.

---

[1]We cite to the current version of the statute, as the amendments do not affect the issue set forth in this appeal.

Pedder was accused of having sex with a twelve-year-old girl, M.S.,[2] at his place of employment, an automotive-repair garage. Pedder knew M.S. before the alleged assault and assisted in getting her a job that involved working on Saturdays at the garage. The testimony at the trial reflects that Pedder customarily picked M.S. up before work began each Saturday and then, after work, took her to her home in a nearby town. According to M.S., after arriving at the garage one Saturday morning before the garage opened for business and before others arrived, Pedder had sex with her.

Pedder testified at the trial that he never had sex with M.S. According to Pedder, his adult stepson had engaged in sex with M.S., and Pedder had been paying M.S. money to keep her quiet. In presenting his case, Pedder also called the person who owned the garage as a witness. The owner testified that the assault could not have occurred as M.S. described because when the assault allegedly occurred, Pedder did not have keys to enter the garage. The owner also testified that he always arrived at the garage well before it opened, and he never found Pedder or M.S. in the garage before he opened the garage for business.

---

[2]To protect the privacy of the child who the jury convicted Pedder of assaulting, we identify the child by using the initials of the pseudonym assigned to the child in the indictment, as the Texas Constitution grants crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]" Tex. Const. art. I, § 30(a)(1).

In a single issue, Pedder claims that his trial counsel rendered ineffective assistance. According to Pedder, his trial counsel failed to adequately prepare for trial by reviewing the State's file and also failed to interview and present potentially exculpatory witnesses at trial. On appeal, Pedder expands his ineffectiveness claim, asserting that his trial counsel failed to file pretrial discovery and to photograph the crime scene. According to Pedder, such photographs "would have aided the jury in a not guilty verdict." But, appellate counsel offers no further explanation regarding how the photographs or the filing of written discovery motions would have secured relevant evidence. Appellate counsel further fails to explain why the lack of photographs of the scene or the failure to file written discovery motions caused the jury to render an improper verdict.

After the trial court rendered judgment, Pedder's appellate counsel filed a motion for new trial. Subsequently, the trial court conducted a hearing, and trial counsel testified at the hearing. Trial counsel explained that he did not have "an independent recollection of looking" at the State's file, but he stated that he normally reviewed his client's files, assumed that he had reviewed the file in Pedder's case, and specifically recalled that there were "several occasions" that he had "thorough discussions with the DA concerning the evidence of the case." Pedder's trial counsel also testified that he had been to the garage. Trial counsel

was never asked during the hearing whether he had taken any photographs or why he chose not to take photographs of the scene. Additionally, trial counsel denied that he told Pedder that he was not prepared for trial. During the hearing, trial counsel was not asked anything about why he chose not to file motions seeking pretrial discovery, nor was he questioned about his strategy in not calling additional witnesses.

The prosecutor also testified at the hearing on Pedder's motion for new trial. According to the prosecutor, while there is usually a note reflecting that someone reviewed the district attorney's file, that is not always the case. After reviewing the file at the hearing, the prosecutor testified that he gave Pedder's trial counsel any required information, along with several disks. The prosecutor expressed doubt that the disks would have been provided had Pedder's trial counsel not reviewed Pedder's file.

Pedder presented six witnesses during the hearing, who explained that Pedder did not have keys to access the garage when the alleged assault occurred. One of these, the owner of the garage, had testified during Pedder's trial. Pedder's trial counsel acknowledged the importance of showing that Pedder did not have keys to access the garage, of proving that the assault could not have happened as M.S. alleged, and of demonstrating that the owner was the person who always let

4

Pedder and M.S. into the garage after he opened it. Trial counsel testified that he spoke with some of the witnesses who testified at the hearing on the motion for new trial; he also testified that with respect to others, he either could not recall speaking with them or did not know who they were. He was not asked to explain why he chose to call only the owner of the garage in an effort to establish that Pedder did not have keys to the garage.

We apply a two-pronged test to resolve ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish the ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 694; *Garza*, 213 S.W.3d at 347-48; *Thompson*, 9 S.W.3d at 812. But, as *Garza* explained, our review of ineffective assistance claims is "highly deferential" to trial counsel, as we presume "that counsel's actions fell within the wide range of reasonable and professional assistance." *Garza*, 213 S.W.3d at 348. In reviewing complaints about trial counsel's alleged deficiencies, an appellate court must

"avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813. Trial counsel's decisions are viewed with great deference when trial counsel's reasons for not undertaking a suggested strategy do not appear in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Although Pedder's trial counsel testified during the hearing, he was never asked to explain why he chose not to call any specific witnesses during Pedder's trial. Trial counsel was not asked to explain why he did not photograph the garage where the assault occurred. Therefore, no explanation regarding trial counsel's strategy on these matters appears of record. With respect to reviewing the State's file, trial counsel did not admit that he failed to review it, and the evidence before the trial court was sufficient to allow the trial court to reject Pedder's claim that the file had not been reviewed by trial counsel before Pedder's trial.

"A *Strickland* claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Id.* (quoting *Thompson*, 9 S.W.3d at 813, 814 (declining to speculate on counsel's failure to object to hearsay in light of a silent record)). Generally, when faced with a record that does not include an explanation of trial counsel's strategy, the record before the appellate court is deemed to be insufficient to demonstrate that trial counsel's conduct was ineffective, unless the challenged conduct was "'so outrageous that no

6

competent attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). On a record that does not disclose counsel's strategy, which is the situation presented by this record, we will not second-guess counsel's strategy when the record does not demonstrate that no competent attorney would have handled the trial in the manner it was handled. *See id.* (evaluating whether challenged conduct was "'so outrageous that no competent attorney would have engaged in it'"); *see also Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("[A] reasonably competent counsel need not perform a useless or futile act[.]"). Because Pedder's arguments claiming that he received ineffective assistance of counsel are not firmly founded in the record, we overrule his sole issue. We affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2013
Opinion Delivered October 16, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

7