In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00187-CR
_____

CHRISTOPHER LYNELAS COMO, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 07-01103**

---

## MEMORANDUM OPINION

Appellant Christopher Lynelas Como[1] appeals from the revocation of his deferred adjudication community supervision and imposition of sentence. In his sole appellate issue, Como contends he received ineffective assistance of counsel "regarding the motion to revoke his probation and sentencing by the trial court." We affirm the trial court's judgment.

---

[1]The record reflects that Como is also known as "Christopher Lyneals Como" and "Christopher Lynel Como[.]"

1

## BACKGROUND

Como was indicted for aggravated robbery. *Como v. State*, No. 09-12-00479-CR, 2013 WL 3355755, at *1 (Tex. App.—Beaumont June 26, 2013, no pet.) (mem. op.) (not designated for publication). Pursuant to a plea bargain agreement, Como pleaded guilty to the lesser-included offense of robbery as a prior felony offender. *Id*. The trial court found the evidence sufficient to find Como guilty of robbery, but deferred further proceedings, placed Como on community supervision for ten years, and assessed a fine of $500. *Id*. The State subsequently filed a motion to revoke Como's unadjudicated community supervision, and Como pleaded "true" to two violations of the terms of his community supervision. *Id*. The trial court found that Como violated the conditions of his community supervision, found Como guilty of robbery, and assessed punishment at eighty-five years of confinement. *Id*.

Como appealed, and this Court found that because the State failed to meet its burden of proof to enhance Como's punishment, the sentence imposed was illegal for the second-degree offense of robbery. *Id*. at **2-3. Accordingly, we affirmed Como's conviction, but we reversed the trial court's judgment as to punishment and remanded the cause for a new punishment hearing. *Id*. at *3. Upon remand, the

trial court conducted a new punishment hearing and assessed punishment at twenty years of confinement. Como then filed this appeal.

COMO'S ISSUE

In his sole appellate issue, Como contends he received ineffective assistance of counsel at the hearing on the motion to revoke his unadjudicated community supervision. Specifically, Como argues that trial counsel was "ill-prepared" and did not offer "any meaningful representation[.]" Como contends that his attorney attempted to tender Como for cross-examination by the prosecutor, failed to call certain witnesses, and neglected to preserve the issue of potential witnesses for appeal because counsel offered no evidence or offer of proof concerning the substance of those witnesses' testimony.

To prevail on a claim of ineffective assistance of counsel, Como must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Texas courts have held that *Strickland*

3

requires an appellant to show a reasonable probability that, but for his counsel's errors, the outcome of his trial would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id*. Como must prove that there was no plausible professional reason for specific acts or omissions of his counsel. *Id*. at 836. In addition, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Because the reasonableness of counsel's decisions and strategy often involves facts that do not appear in the appellate record, the record on direct appeal is generally insufficient to support a claim of ineffective assistance. *See id*. at 813-14.

Nothing in the appellate record supports Como's claims. Como did not file a motion for new trial to develop a record supporting his ineffective assistance claim. Therefore, this Court has no explanation as to the reasons for counsel's decisions at the revocation hearing. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (Appellate court generally will not find counsel ineffective when there is no record to show that counsel had the opportunity to explain himself.). Nothing

4

in the appellate record demonstrates that any available witnesses would have offered testimony that would have benefitted Como, nor does the record demonstrate that counsel was ill-prepared. Como has not demonstrated that counsel was ineffective. *See Thompson*, 9 S.W.3d at 813. Accordingly, we overrule Como's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 3, 2014
Opinion Delivered December 10, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.