**Affirmed and Majority and Concurring Opinions filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00682-CR
NO. 14-13-00683-CR
NO. 14-13-00684-CR

**MARK DOUGLAS ROBISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 1324897, 1324898 & 1324899**

## C O N C U R R I N G   O P I N I O N

Before being judged as ineffectual and inept based on actions or omissions denounced as unprofessional, defense counsel ought to have the opportunity to explain his actions and to proffer supporting evidence. Seemingly indefensible actions can turn out to be logical, even wise, when facts not known or imagined are brought to light. The interests of justice are best served when the court has the

chance to consider the reasons for a lawyer's conduct and the lawyer accused of rendering ineffective assistance of counsel is often the only one who can provide them.

In appellant's second issue, he asserts that he was denied effective assistance of counsel because his trial lawyer failed to use strikes on members of the venire who demonstrated a bias and because counsel allowed evidence of appellant's silence to be elicited at trial. In addressing these points, the majority analyzes trial counsel's actions and concludes that (1) trial counsel's conduct was not deficient in some respects, (2) trial counsel's performance was deficient, but not prejudicial in other respects, and (3) this court could not conclude on a silent record that trial counsel's performance was constitutionally deficient in one respect. To dispose of appellant's challenge, this court need not address or analyze the alleged deficiencies and should not do so without the benefit of a developed record. Instead, the court should affirm the trial court's judgment because the record on direct appeal is insufficient to show trial counsel's actions were constitutionally deficient and prejudicial.

The majority correctly analyzes appellant's ineffective-assistance-of-counsel argument under the legal standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Under this standard, the defendant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. Appellate review of defense counsel's representation is highly deferential and in conducting the review this court is to presume that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 833. An ineffective-assistance-of-counsel claim must be "firmly founded in the record" and the "record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v.*

2

*State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (*quoting Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). The record on direct appeal is usually insufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833. Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation because in most cases the record on direct appeal is underdeveloped and cannot adequately reflect the failings of trial counsel. *Id.* When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is difficult to show that trial counsel's performance was deficient. *See id.* On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Because our record is undeveloped, we must presume that trial counsel was not deficient in his actions. *See Bone*, 77 S.W.3d at 836. We may not presume, for example, that trial counsel had no trial strategy or tactical purpose in not objecting to the prosecutor's comment on appellant's silence, simply because we cannot discern a trial strategy or tactical purpose in these actions. *See id.* at 836. There may be considerations, unknown to us, that influenced the decision or that drove the strategy. We cannot assess alternative explanations if we are unaware of them. The Court of Criminal Appeals has instructed that trial counsel generally should be entitled to an opportunity to explain counsel's actions and to present evidence before being condemned as unprofessional and incompetent. *Id.* Because the challenged conduct was not so outrageous that no competent attorney would have engaged in it, the record in this appeal is insufficient to support appellant's

3

ineffective-assistance challenges.  *See Goodspeed*, 187 S.W.3d at 392.

Rather than attempt to discern whether trial counsel's conduct was deficient without the benefit of a developed record, the better course would be to affirm the judgment of the trial court on the basis of a silent record.  *See Bone*, 77 S.W.3d at 837.  Because the majority does not do so, I respectfully decline to join the court's opinion, but I concur in the court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J., majority).
Publish — Tex. R. App. P. 47.2(b).