In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00334-CR
_____

JAYCOB MORRIS PONDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR 29637

MEMORANDUM OPINION

A jury convicted appellant Jaycob Morris Ponder of driving while intoxicated as a habitual offender and assessed punishment at twelve years of confinement. In two issues, Ponder contends trial counsel provided ineffective assistance. We affirm the trial court's judgment.

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id*.

Ponder must prove that there was no professional reason for specific acts or omissions of his counsel. *See id*. at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient . . . as to

2

overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (footnote omitted).

In his first issue, Ponder asserts that trial counsel did not attempt to rehabilitate "potentially favorable jurors" who had indicated a bias against the State and that trial counsel did not object to a juror who clearly indicated a bias against Ponder and was ultimately chosen to serve on the jury. Ponder did not file a motion for new trial or otherwise create a record elucidating counsel's possible reasons for not attempting to rehabilitate the three jurors Ponder argues were favorable to him or for not striking the juror Ponder asserts was biased against him. We must presume that counsel's conduct falls within a wide range of reasonable representation. *See Strickland*, 466 U.S. at 690; *Bone*, 77 S.W.3d at 833; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (Counsel's decisions regarding use of peremptory strikes asking questions at voir dire did not constitute ineffective assistance of counsel when record was silent as to counsel's trial strategy.). With a silent record, we cannot presume that counsel's conduct constituted ineffective assistance. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. Accordingly, we overrule issue one.

We turn now to issue two, in which Ponder contends trial counsel was ineffective for failing to object to testimony regarding retrograde extrapolation.

3

Camille Stafford, a forensic scientist with the DPS crime laboratory, analyzed a specimen of Ponder's blood, and she testified that Ponder's blood alcohol level was 0.27. Stafford testified that if she were given information concerning the time a person last drank, whether the person ate food, the time the person was stopped, and the time the person's blood was drawn, she could use average rates of alcohol elimination to estimate what the person's approximate blood alcohol level was at the time of the stop. Stafford explained that if the stop occurred at 9:00 p.m., Ponder's last drink was around 7:00 p.m., and Ponder's blood alcohol concentration at the hospital was 0.27, Ponder's blood alcohol level at the time of the stop was approximately 0.315. Stafford opined that Ponder was driving while intoxicated.

Ponder complains of counsel's failure to object to Stafford's testimony. Assuming without deciding that counsel's performance was deficient, Ponder has failed to establish that, but for counsel's alleged errors and omissions, the outcome of his trial would have been different. *See Bone*, 77 S.W.3d at 833. Even if trial counsel had objected to the retrograde extrapolation testimony and successfully excluded that testimony from evidence, the evidence was still legally sufficient for the jury to have found Ponder guilty. Officers and paramedics who were at the scene testified that Ponder was alone in the vehicle when the accident occurred,

4

Ponder had an abrasion from the driver's side seat belt, and Ponder had glassy, bloodshot eyes, slurred speech, slow coordination, an unsteady gait, and a strong odor of alcohol on his breath. Ponder also told paramedics that he had consumed "a couple" of alcoholic drinks. Ponder also failed the horizontal gaze nystagmus field sobriety test, and a sample of Ponder's blood drawn at the hospital approximately two hours after the stop showed that Ponder's blood alcohol level was 0.27. *See Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (In evaluating the legal sufficiency of the evidence, an appellate court reviews all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt.); *Letner v. State*, 138 S.W.3d 539, 541 (Tex. App.—Beaumont 2004, no pet.) (Retrograde extrapolation evidence is not required to support a verdict of guilt.). We therefore overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 1, 2013
Opinion Delivered May 15, 2013
Do Not Publish
Before McKeithen, C.J., Gaultney and Horton, JJ.

5