**Affirmed and Opinion Filed June 29, 2018**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-01040-CR

**KEITH FITZGERALD HERVEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 15-10315-422-F**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Keith Fitzgerald Hervey appeals his theft of property valued at more than $1500 but less than $20,000 conviction. Following appellant's guilty plea, the trial court sentenced appellant to twelve months' confinement in state jail. In a single issue, appellant argues he received ineffective assistance of counsel. We affirm the trial court's judgment.

In November 2015, appellant was indicted on a charge of theft of property valued at more than $1500 but less than $20,000. Appellant entered a guilty plea to the charge. At the punishment hearing in August 2017, appellant testified he needed surgery on his foot and medication because his "sugar was too high." Appellant's counsel asked if appellant was "requesting from the Court an opportunity to consider either a very lengthy probation term, increased fines, something alternatively to [a] term of imprisonment." Appellant answered he would like to "get 10 years

probation, $5000 fine, whatever it would be." In response to questioning from his counsel, appellant testified he rejected an offer from the State to reduce his term of imprisonment to twelve months.

On cross-examination, appellant confirmed that he was sentenced to twelve years' imprisonment in 2010 for manufacture/delivery of a controlled substance and had been out on parole for five years; he was convicted of criminal mischief in Arkansas in 2005 and was sentenced to prison; he was convicted of "possession of a controlled substance or counterfeit substance" and was sentenced to prison; and he was convicted of rape and robbery in 1988. In response to questioning, appellant confirmed he was "asking the Court to give [him] probation with [him] having multiple felony convictions." Appellant also confirmed he was "actually on video committing the offense in this case" even though the State had not offered the video into evidence. At the close of the punishment hearing, the trial court found the evidence substantiated appellant's guilt and sentenced him to twelve months' confinement in state jail. This appeal followed.

In a single issue, appellant argues he received ineffective assistance of counsel because his counsel erroneously advised him that he was eligible for community supervision. Because of counsel's erroneous advice, appellant argues, his plea was not knowing and voluntary.

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A defendant's decision

to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex Parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).

Appellant cites no authority for the proposition that he was ineligible for community supervision. On the contrary, article 42.12 of the code of criminal procedure did not list the state jail felony with which he was charged as an offense for which community supervision was unavailable. Section 3g(a)(1) of article 42.12 of the code of criminal procedure formerly provided a list of certain serious and violent crimes that were ineligible to receive judge-ordered community supervision and were often referred to as "3g offenses." *Plummer v. State*, 410 S.W.3d 855, 861 n.42 (Tex. Crim. App. 2013). The legislature repealed article 42.12 effective September 1, 2017.[1] Those provisions are currently codified in article 42A.054 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 42A.054 (West 2018). The theft with which appellant was charged is also not listed in section 42A.054. *See id.* Thus, it appears community supervision was available to appellant in this case. The record shows appellant requested community supervision, and the trial court gave no indication that community supervision was not available. Because counsel correctly advised appellant that community supervision was available to him, we conclude counsel was not ineffective and appellant's plea was knowing and voluntary. *See Rylander*, 101 S.W.3d at 109-10; *Ex Parte Moussazadeh*, 361 S.W.3d at 689. Further, even if the record showed appellant was not eligible for community supervision, there is not a reasonable probability that the result of the proceeding would have been different. *See Rylander*, 101 S.W.3d at 109-10. We overrule appellant's single issue.

---

[1] Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 3.01, 4.02, 2015 Tex. Sess. Law Service 2320, 2394 (West); Act of May 18, 2017, 85th Leg., R.S., ch. 324 §§ 23.012(d), 23.013(d), 23.014(b), 23.015(b), 23.016(h), 23.017(b), 23.018(b), 23.019(b), 23.020(b), 23.021(b), 2017 Tex. Sess. Law Service 841, 952–59 (West); Act of May 24, 2017, 85th Leg., R.S., ch. 877, § 11(a), 2017 Tex. Sess. Law Service 3652, 3657 (West).

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

171040F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KEITH FITZGERALD HERVEY,
Appellant

No. 05-17-01040-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 15-10315-422-F.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 29, 2018.