

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00267-CR

Cory J. **SOUTHERN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR7889
Honorable Joey Contreras, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Irene Rios, Justice

Delivered and Filed: November 14, 2018

AFFIRMED

Appellant Cory J. Southern ("Southern") appeals from the trial court's judgment revoking community supervision and imposing a sentence of confinement. We affirm the trial court's judgment.

## Background

Southern was indicted for possession of methamphetamine in an amount of one or more, but less than four, grams. Southern pleaded guilty and was sentenced to seven years' confinement, suspended, and placed on community supervision for five years. The State subsequently moved to

revoke Southern's community supervision, alleging Southern violated the terms of his community supervision by, among other things, committing the offenses of possession of a controlled substance, felon in possession of a firearm, and unauthorized use of a vehicle, as well as by failing to submit to drug testing and failing to report to his community supervision officer.

The trial court held a contested hearing at which the State called three witnesses. Ralph Gongoria testified he did not give Southern permission to use his vehicle and that when the police returned the vehicle to him, Gongoria found drugs in the passenger compartment and a bag in the trunk containing a pistol, neither of which belonged to him. San Antonio Police Officer Klint Alberthal testified he pulled over a vehicle driven by Southern that was reported stolen. After determining Southern did not own the vehicle, Officer Alberthal contacted the vehicle's owner (Gongoria) and asked him to come to the scene. Officer Alberthal and Gongoria searched the vehicle and found narcotics and a bag containing Southern's parole paperwork and a firearm. Finally, Bexar County Crime Lab forensic scientist supervisor Brian Cho testified that he tested the drugs found in Gongoria's vehicle and determined the substance was 0.159 grams of crack cocaine. The State rested, and Southern took the stand in his own defense. On direct examination, Southern testified he rented the vehicle from a friend who he believed was the vehicle's owner and denied that the drugs or the firearm belonged to him. On cross-examination, Southern admitted he failed to report to his community supervision officer as the State alleged.

At the conclusion of the hearing, the trial court found true all of the allegations in the State's motion, including that Southern failed to report to his community supervision officer. The trial court revoked Southern's community supervision and sentenced Southern to seven years' confinement.

In a single issue on appeal, Southern argues the revocation of his community supervision was an abuse of discretion because he received ineffective assistance of counsel at the revocation

hearing. Specifically, Southern argues his counsel was ineffective because he permitted Southern to testify "after the conclusion of the State's testimony wherein the State failed to produce evidence beyond a preponderance of the evidence to show Southern violated his community supervision. . . . Had Southern's counsel not called him as a witness, Southern would not have admitted violating his conditions of community supervision . . . ."

**Standard of Review**

To prevail on a claim of ineffective assistance of counsel, Southern must establish by a preponderance of the evidence that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) Southern was prejudiced by counsel's defective performance. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To determine whether counsel's performance was deficient, we look to the totality of the representation and the particular circumstances of the case. *Id.* at 813.

Our review of counsel's performance is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Id*. "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Id*. at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *cert. denied*, 519 U.S. 1119 (1997)). Consequently, a direct appeal usually is an inadequate vehicle for raising a claim of ineffective assistance of counsel because the record is generally undeveloped as to why trial counsel did what he did. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 814 n.6 ("[I]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*."). Where, as here, the record is silent as to counsel's strategy, we will not conclude Southern received ineffective assistance of counsel unless the challenged conduct was "'so

outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)).

## Discussion

A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51–52 (1987); *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). Only the defendant can waive this right, not his counsel. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997); *Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009).

Here, the record before us is silent as to whether counsel encouraged Southern to testify or whether Southern insisted on testifying against his counsel's advice. There is no evidence in the record regarding whether counsel advised Southern of the potential risks of testifying on his own behalf, and Southern does not allege his counsel failed to do so. If counsel encouraged Southern to testify despite the potential risks, the record is silent as to counsel's strategy for doing so. *See Goodspeed*, 187 S.W.3d at 392 (noting record on direct appeal usually is insufficient to determine whether counsel's performance was deficient). Therefore, absent anything in the record to the contrary, we must presume counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. Because Southern has failed to overcome the presumption that his counsel employed sound strategy and that counsel's representation did not fall below an objective standard of reasonableness, we overrule Southern's sole issue on appeal and affirm the trial court's judgment. *See id*.

## Conclusion

Because we overrule Southern's sole issue on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH