**Opinion filed October 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00396-CR
_____

### JORGE MORENO, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. 1723**

## M E M O R A N D U M   O P I N I O N

Appellant, Jorge Moreno, Jr., entered an open plea of guilty to the third-degree felony offense of evading arrest with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016). Appellant pleaded true to the enhancement paragraph alleged in the indictment, and the jury assessed his punishment at imprisonment for fifteen years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) and a $5,000 fine. In his sole issue on appeal, Appellant claims that

he received ineffective assistance of counsel during the punishment phase of his trial. We affirm.

## I. *Factual Background*

Following voir dire, Appellant elected to plead guilty to the indicted offense of evading arrest with a motor vehicle and to have a jury trial as to punishment only. At the inception of the punishment phase, Appellant pleaded true to the enhancement paragraph in the indictment, which alleged that Appellant had been finally convicted of the felony offense of burglary of a habitation in 2006.

During Appellant's punishment trial, the State adduced evidence that Appellant had methamphetamine paraphernalia in his vehicle at the time of his arrest. Testimony from the arresting officer established that Appellant admitted "that he had actually smoked methamphetamine about an hour before" his arrest.

Appellant testified during the punishment phase that he served the entire ten-year sentence that he had received for his prior 2006 felony conviction. Appellant explained that he had intentionally sabotaged his chances for parole each time he became eligible. Additionally, Appellant acknowledged that he did not participate in any of the educational, trade school, or drug-treatment programs offered by the TDCJ and that he began using methamphetamine after his release from prison. Appellant further testified that he intended to take advantage of the TDCJ's programs this time because he was now a father.

On appeal, Appellant asserts that he received ineffective assistance of counsel because his trial counsel did not object to the prosecutor's allegedly improper jury arguments.

## II. *Standard of Review*

We review an ineffective-assistance-of-counsel claim under a two-part standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310

S.W.3d 890, 892–93 (Tex. Crim. App. 2010). First, Appellant must show that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Perez*, 310 S.W.3d at 892–93. Second, Appellant must show that trial counsel's deficient performance prejudiced his defense, i.e., there is a reasonable probability that the result of his trial would have been different but for trial counsel's errors. *Id.* at 893; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 687–88). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694.

### III. *Analysis*

During his closing argument, the prosecutor stated that, according to the arresting officer's testimony, when Appellant was arrested for the evading offense, he "seemed certainly intoxicated or at least under the influence of something." In his rebuttal argument, the prosecutor remarked that perhaps Appellant needed "a sentence long enough that he is motivated to do the right thing while he's in there . . . to take advantage of those programs . . . to go participate in those programs and try to get out early." Appellant now contends that his trial counsel rendered ineffective assistance because he failed to object to the statements made by the prosecutor. We cannot agree.

To establish deficient performance, a defendant must show that trial counsel's representation was objectively unreasonable based on "prevailing professional norms." *Perez*, 310 S.W.3d at 893 (quoting *Strickland*, 466 U.S. at 688). We assess trial counsel's performance in light of all of the circumstances and apply a strong presumption that counsel's representation fell within "the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 688–89). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant

3

decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To overcome this presumption, a defendant must establish that, under the circumstances, counsel's actions could not be considered sound trial strategy. *Id*. at 689.

Moreover, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Regarding the deficient-performance prong in particular, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). As such, if trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.").

Generally, proper jury argument falls into four categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); *Hathorn v. State*, 848 S.W.2d 101, 117 (Tex. Crim. App. 1992). Here, because the prosecutor's challenged statements fell within the bounds of proper jury argument, we cannot conclude that trial counsel's failure to object to those statements constituted deficient performance. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) ("To successfully assert that trial

4

counsel's failure to object amounted to ineffective assistance, the applicant must show that the trial judge would have committed error in overruling such an objection."); *see also Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (trial counsel is not required to engage in useless or futile acts); *Templeton v. State*, No. 11-19-00192-CR, 2021 WL 1706761, at *5 (Tex. App.—Eastland Apr. 30, 2021, no pet.) ("Trial counsel does not render ineffective assistance of counsel when he fails to object to admissible evidence." (citing *Gross v. State*, No. 11-17-00060-CR, 2019 WL 613686, at *8 (Tex. App.—Eastland Feb. 14, 2019, pet. ref'd) (mem. op., not designated for publication))).

First, the prosecutor's statement about Appellant's demeanor was a proper summation of the evidence. Second, the prosecutor's statements concerning the duration of the sentence that the jury should assess against Appellant constituted both a response to opposing counsel's argument on that issue and a reasonable deduction from the evidence. Appellant testified that, unlike his previous sentence, he intended, this time, to take advantage of the programs offered by the TDCJ, and his trial counsel presented that very argument to the jury during his closing summation. The prosecutor's remark that a longer sentence might motivate Appellant to take advantage of those programs was, therefore, both responsive to defense counsel's argument and a conclusion drawn from Appellant's testimony regarding the aspects of his prior term of imprisonment.

Furthermore, because Appellant did not claim that he received ineffective assistance of counsel in his motion for new trial, Appellant's trial counsel did not have an opportunity to explain his decision or strategy for failing to object to the prosecutor's arguments that Appellant now claims were improper. Based on the record before us, we cannot conclude that trial counsel's performance was deficient. Accordingly, we overrule Appellant's sole issue on appeal.

## IV.  *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

October 28, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.