

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00323-CR

Rosa Anita **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 642167
Honorable Melissa Vara, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

AFFIRMED

A jury convicted Rosa Anita Moreno of Driving While Intoxicated. In her sole issue on appeal, Moreno asserts her constitutional rights were violated when she was denied effective assistance of counsel. We affirm.

## BACKGROUND

On June 27, 2020, Moreno patronized 54th Street Bar and Grill on the far west side of San Antonio, Texas. The restaurant manager testified that she had been there multiple times and never caused any issues. On this night, however, Moreno was acting unusual, talking loudly across the

bar, and having trouble walking. Concerned Moreno was intoxicated, the manager followed Moreno into the parking lot as she left the establishment, told Moreno that she could not drive home, and threatened to contact the police if she tried to drive her vehicle.

The manager offered to call Moreno a rideshare or taxi and told her she could leave the vehicle at the establishment overnight. Moreno responded she was afraid her vehicle would be towed if she left it overnight and—after some difficulty inserting her key into the door—entered the vehicle. While the manager called the police, Moreno backed out of her parking space and almost hit another vehicle. Moreno drove to a nearby parking lot. The manager walked over to two nearby officers, Officer Cody Driver and Officer Jose Hernandez, to inform them of her location and that he suspected Moreno was intoxicated.

In the parking lot, Moreno sat in the driver seat of her idling vehicle as Driver and Hernandez approached. Both officers' body camera videos were admitted into evidence and played to the jury. In the videos, Moreno admitted to having one margarita, appeared to have difficulty walking, almost fell down, and acted erratically. During questioning, Moreno was belligerent, made unprompted comments about unrelated issues, and showed the officers a picture of her cat on her phone as she threatened to photograph the officers.

Moreno repeatedly refused to submit to standardized field sobriety tests and, after her arrest, refused to submit a blood specimen for testing. The officers transported Moreno to the magistrate's office, where Driver obtained a blood warrant and, hours after Moreno last consumed alcohol, observed a blood draw that was sent for testing. At trial, the State called the forensic scientist in the toxicology section of the Texas Department of Public Safety Crime Laboratory who tested Moreno's blood sample. She testified that Moreno's sample showed a blood alcohol concentration level of 0.152 grams of alcohol per 100 milliliters of blood. The per se legal limit in Texas is 0.08 grams of alcohol per 100 milliliters of blood. The jury convicted Moreno of Driving

While Intoxicated. The trial court sentenced Moreno to six months in jail probated for twelve months. This appeal followed.

## STANDARD OF REVIEW

A defendant is entitled to effective assistance of counsel under the United States Constitution and the Texas Constitution. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. To establish ineffective assistance of counsel, the appellant must show: (1) trial counsel's assistance fell below an objective professional standard of reasonableness and (2) counsel's actions prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Concisely outlined by this court, a defendant must demonstrate deficient performance and prejudice. *Vega v. State*, 610 S.W.3d 79, 82 (Tex. App.—San Antonio 2020, no pet.). An appellant "bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Id.*

"To establish deficient performance, an appellant must show counsel's assistance 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Thompson*, 9 S.W.3d at 812). "An appellant must overcome the 'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Id.* "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Id.* "If no reasonable trial strategy can justify counsel's choices or conduct, performance necessarily falls below an objective standard of reasonableness." *Id.*

"However, few cases demonstrate such deficiency on direct appeal because the record is unlikely to include any explanation by trial counsel, and 'we can [frequently] conceive of potential

reasonable trial strategies that counsel could have been pursuing.'" *Id.* at 82–83. "[I]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*." *Thompson*, 9 S.W.3d at 814 n.6. Where the record is silent as to trial counsel's strategy, we will not conclude the defendant received ineffective assistance of counsel unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

"Once an appellant establishes deficient performance, the appellant must then establish prejudice." *Vega*, 610 S.W.3d at 83. An appellant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

**ANALYSIS**

In her sole issue, Moreno asserts her trial counsel was ineffective because he failed to retain an expert witness to rebut the State's forensic evidence. According to Moreno, a forensic toxicology expert could have testified regarding (1) Moreno's blood alcohol concentration at the time she operated her vehicle; (2) retrograde extrapolation; (3) chain of custody; and (4) lab error. Moreno asserts this testimony could have changed the outcome at trial.

In response, the State asserts that the record is silent on trial counsel's strategy or reasoning for not hiring a forensic toxicology expert. The State further contends the record is silent on whether a forensic toxicology expert was available to testify and whether a forensic toxicology expert's testimony would have been beneficial to Moreno's defense. We agree.

To obtain relief on an ineffective assistance claim based on an uncalled expert witness, Moreno "must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense." *Ex Parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007) (internal quotations omitted); *see also Cantu v. State*, 993 S.W.2d 712, 719 (Tex.

App.—San Antonio 1999, pet. ref'd). Moreno argues a hypothetical expert may have provided helpful testimony, but the *record* is silent. This appeal undoubtedly falls into "the vast majority of cases" on which "the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*." *Thompson*, 9 S.W.3d at 814 n.6. Because the record is silent on (1) trial counsel's strategy, (2) the availability of an expert witness, and (3) a demonstration that an expert witness's testimony would have been of some benefit to the defense, we cannot conclude Moreno received ineffective assistance of counsel.

After reviewing the record, we cannot conclude that trial counsel's decision not to present a toxicology expert was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 SW.3d at 392. Through the manager's testimony, the officers' testimony, and the body camera footage of Moreno, the State presented sufficient evidence by which a reasonable jury could have convicted Moreno even absent the State's toxicology evidence. For this reason, Moreno also cannot establish prejudice. *See id.* We overrule Moreno's sole issue.

## CONCLUSION

Having overruled Moreno's sole issue, the judgment of the trial court is affirmed.

Lori I. Valenzuela, Justice

DO NOT PUBLISH